IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

UNITED STATES OF AMERICA
        Plaintiff,

                                        CASE NO. 18-CR-20655-MGC

v.

GERALD JAROME SPATE,
        Defendant.
_____/

## DEFENDANT GERALD JAROME SPATE'S
## MOTION FOR VARIANCE - 18 U.S.C. §3553 FACTORS

COMES NOW, THE DEFENDANT, GERALD JAROME SPATE, by and through undersigned counsel, pursuant to 18 U.S.C. §3553 and moves this Honorable Court to grant a Variance from the Advisory Sentencing Guidelines and as grounds in support would state:

    **I.**    **18 U.S.C. § 3553(a)(1) factors.**

    **Nature and circumstance of the offense:**

Mr. Spate pled guilty to count one of the Indictment - conspiracy to defraud the United States in violation of Title 18 U.S.C. § 371. He was arrested for his participation in a fraudulent tax refund scheme back in 2012 run by co-conspirator Freddie Howard.

    **History and Characteristics of the Defendant:**

Mr. Spate is a 50 year old Miami native who has spent most of his life in South Florida. He has one adult son and one minor son, as well as an ex-wife, with whom he maintains regular contact.

Mr. Spate has been in the custody of the Florida State Department of Corrections for unrelated state offenses since November of 2015 serving a five year prison term for unrelated State offenses. Prior to this he was employed as a car salesman and operated an entertainment promotional company.

Mr. Spate has a High School diploma and some college course work and has the ability to support himself.

**§3553(a)(2) factors:**

**A.     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.**

Defrauding the United States though fraudulent tax schemes is a serious offense. Mr. Spate allowed his bank account(s) to be used for the receipt and distribution of the fraudulently obtained refunds orchestrated by Freddie Howard.

Enforcement of Tax Fraud laws is required to promote respect for the law and just punishment should be rendered for violators.

The PSI suggests and advisory guideline of 57-71 months (para. 89). The statutory maximum sentence for this type of offense is 60 months. This lengthy period of incarceration is far more than necessary to achieve just punishment when viewed in the light of Mr. Spate's actual conduct and personal characteristics.

**B.     The need for the sentence imposed to afford adequate deterrence to criminal conduct:**

Incarceration, in general, is society's best method of deterring criminal conduct. The question is: how long and are there any reasonable alternatives?

What length of incarceration is required to punish Mr. Spate sufficiently and to deter other from committing a similar offense?

**C.     The need for the sentence imposed to protect the public from further crimes of the defendant:**

Mr. Spate is remorseful for his actions and deeply regrets his involvement in this matter as demonstrated by his acceptance of responsibility and decision to enter a guilty plea.  It is highly unlikely that he will commit this type of offense ever again.

**D.     The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:**

Mr. Spate is able to support himself due to his skills and work ethic, however, he may still benefit from educational and/or vocational training which may be available to him.

**§ 3553(a)(3) – The kinds of sentences available:**

In this matter the only sentencing available as suggested by the PSI is imprisonment.

**§ 3553(a)(4) – The kinds of sentence and the sentencing range established by the Sentencing Commission – the Sentencing Guidelines:**

The PSI recommends a guideline range of 57 - 71 months based upon an offense level of 21 and a criminal history category of IV.  The defense's position is that this guideline range results from a substantial over representation of his criminal history (concurrent prison terms for two cases resulting in 6 criminal history points) as addressed in the defense's Motion for Downward Departure of Criminal History Points and the imposition of an unwarranted loss amount calculation and four level role increase as addressed in the defense's Objections to the PSI.  The defense respectfully suggests the proper guideline range should be 24-30 based upon an offense level of 15 and a criminal history category of III.

**§ 3553(a)(6) – Any pertinent policy statement issued by the Sentencing Guidelines:**

Sentencing Guidelines Manual § 2B1.1, *Application Note 20. (C), <u>Downward Departure Considerations</u>* - states that there may be cases in which the offense level determined under this guideline may substantially overstate the seriousness of the offense and, in such case, may warrant a downward departure.  Not to make light of the seriousness of Tax Fraud Laundering but the facts and circumstances of this case demonstrate a small participant for a short period of time in a much larger tax fraud operation.

This policy statement supports a downward variance for Mr. Spate.

## GROUNDS FOR A VARIANCE:

Based upon the foregoing analysis of the §3553 factors, Mr. Spate seeks a variance from the PSI guideline range of 57 – 71 months imprisonment and respectfully suggests a term of 18 months is sufficient, but not greater than necessary, punishment for his conduct.

## CONCLUSION:

Mr. Spate made a mistake and will pay for his mistake.  He is looking forward to resolving this matter so he can return to work and support and care for his children and family.

He is not trying to excuse his behavior but he has learned his lesson and this will not happen again.

WHEREFORE Mr. Spate respectfully petitions this Honorable Court to consider a sentencing variance as set forth above.

Respectfully submitted,

Anthony J. Stonick
Attorney at Law
10 High Point Road
Suite C
Tavernier, FL  33070
Ph.     (305) 324-7888
ajstonick@gmail.com

By:    /s/ Anthony J. Stonick
         Anthony J. Stonick
         Florida Bar Number 28770

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 22nd day of April, 2018, I electronically filed the foregoing DEFENDANT GERALD JAROME SPATE'S MOTION FOR VARIANCE - 18 U.S.C. § 3553 FACTORS with the Clerk of the Court by using CM/ECF.

                                            By:    /s/ Anthony J. Stonick
                                                         Anthony J. Stonick